[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR PROTECTIVE ORDER
The plaintiff, formerly People's Bank, now in substitution The Cadle Company, obtained a deficiency judgment against the defendants in this foreclosure action. The judgment entered on May 7, 1993, for $154,803.49 against the defendants Westview Development Corporation, Saber Realty, Herbert Savitt, Thomas Gibney, and Robert Horton. The file discloses that the plaintiff undertook collection efforts beginning in July of 1993. The plaintiff's papers indicate that $72,000 had been collected by December of 1999.
On January 12, 2000, the plaintiff filed a petition to examine Herbert Savitt, one of the judgment debtors, pursuant to Conn. Gen. Stat. §52-397. The examination date was set by the clerk for February 28, 2000. The plaintiff served the defendant with the hearing notice and with a subpoena duces tecum ordering him to appear and to bring a lengthy and comprehensive set of financial records. On that date, the examination evidently proceeded without incident No issue has since been raised about the failure of the judgment debtor to fully comply with the examination CT Page 13581 proceeding or with the subpoena.
On March 21, 2000, the plaintiff filed a Motion for Turnover Order alleging the following facts: that the plaintiff learned during the debtor's examination that the debtor owned an ivory and porcelain collection with an estimated value of $125,000, that thereafter a property execution had been obtained and a deputy sheriff attempted to execute on the collection, and that the deputy sheriff had been rebuffed by Ruth Savitt, the debtor's wife, who claimed that the collection was hers. The debtor filed an objection to the Motion for Turnover Order and the parties along with Mrs. Savitt assembled and were heard on June 6, 2000. The court conducted a full evidentiary hearing at that time and determined that the collection was not property of Ruth Savitt but was the property of the judgment debtor Herbert Savitt and thus subject to execution, The Motion for Turnover Order was granted. No appeal was taken from the court's order and the court understood, based on the comments by counsel on the record, that the collection was to be surrendered without delay. There is no indication that that did not occur.
Then on or about August 29, 2000, the plaintiff noticed the deposition of Ruth Savitt and stated its intention to serve her with a subpoena to bring up to five years worth of financial records relating to her knowledge of her husband's finances. The debtor and the deponent have filed a Motion for Protective Order[1] requesting that she not be compelled to bring such documents because, among other reasons, such documents are largely the same ones that Mr. Savitt supplied pursuant to the subpoena at his examination.
The plaintiff objects to the motion for protective order.[2] The plaintiff argues that the deposition and documents are relevant and likely to lead to "admissible evidence." The plaintiff claims that it is within its rights to proceed in this fashion pursuant to Conn. Gen. Stat. §52-351b.
And indeed that statute authorizes the judgment creditor to attempt to undertake discovery from third parties concerning the assets of the judgment debtor that may be available to satisfy an outstanding judgment. Mrs. Savitt seems content to allow her deposition to be taken, despite the fact that the prerequisites for doing so in Conn. Gen. Stat § 52-351b(c) have been bypassed. But she is entitled to seek a protective order to prevent "annoyance, embarrassment, oppression or undue burden or expense." Conn. Gen. Stat. § 52-400a(a).
This court has had the benefit of presiding over the original presentation of the judgment debtor for examination and over the subsequent evidentiary hearing involving the contested property claim by CT Page 13582 the judgment debtor's wife. The court finds that the production of documents sought to be compelled by the plaintiff of Ruth Savitt will subject her to annoyance and to undue burden and expense. Given that the defendant and Mrs. Savitt are older people and that counsel on both sides of this matter are busy individuals, the court suggests that counsel first confer regarding the scheduling of Mrs. Savitt's deposition before it is re-noticed.
The court overrules the plaintiff's Objection and grants the Motion for Protective Order as to the production of documents: the deponent need not produce documents for the plaintiff's inspection.
Patty Jenkins Pittman, Judge